# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALLEN DANIEL,

    Plaintiff,

v.

CHERYL EDGERTON, *et al.*,

    Defendants.
_____/

CASE NO. 08-CV-14068

DISTRICT JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO THE PRISON LITIGATION REFORM ACT

**I.**     **RECOMMENDATION**

Pursuant to 28 U.S.C. § 1915(g), **IT IS RECOMMENDED** that Plaintiff be given 30 days to submit the entire case filing fee of $350 or suffer dismissal of this case.

**II.**     **REPORT**

Plaintiff is a prisoner who is currently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan. In this *pro se* civil rights suit brought under 42 U.S.C. § 1983 and *Bivens v. Six Unnamed Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), Plaintiff alleges numerous claims against several private entities as well as the City of Roseville, Michigan, and several of its police officers. (Compl. at 4-6.) The case was referred to the undersigned magistrate judge for pretrial case management on September 26, 2008. Although the complaint states that Plaintiff is seeking to proceed *in forma pauperis* (Compl. at 1, 3), Plaintiff failed to submit the required application and supporting documentation.

The Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996. It contains the following paragraph, which is commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Pursuant to this statute, this Court screens all prisoner complaints for "three strikes" as soon as possible after filing so as not to expend valuable resources on a case where the Court has no authority to act. *See Mitchell v. Tennessee*, 86 Fed. App'x 898 (6th Cir. 2004); *Peeples v. Bradshaw,* 110 Fed. App'x 590 (6th Cir. 2004); *Wallace v. Franklin*, 66 Fed. App'x 546, 547 (6th Cir. 2003). If three strikes are found, the Court must deny plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee. *Wilson v. Yaklich*, 148 F.3d 596, 602-04 (6th Cir. 1998).

A search of the U.S. District Court docket reveals that Plaintiff has at least three strikes: *see Daniel v. Granholm*, case no. 08-CV-10863 (E.D. Mich.) (summarily dismissed for failure to state a claim); *Daniel v. Granholm*, case no. 08-CV-10999 (E.D. Mich.) (summarily dismissed for failure to state a claim); *Daniel v. Caruso*, case no. 08-CV-11000 (E.D. Mich.) (summarily dismissed as frivolous and for failure to state a claim); *Daniel v. Curtin*; case no. 08-685 (W.D. Mich.) (summarily dismissed for failure to state a claim); *Daniel v. Hofbauer*, case no. 08-CV-118 (W.D. Mich.) (summarily dismissed as frivolous and for failure to state a claim). Furthermore, Plaintiff has not alleged that he is under an imminent threat of harm.

Accordingly, I suggest that Plaintiff not be allowed to submit an application to proceed without prepayment of fees and costs, but rather that he be instructed to pay the $350 civil case filing fee within 30 days or suffer the dismissal of his case.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

        s/ *Charles E Binder*
        CHARLES E. BINDER
Dated: October 14, 2008         United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Allen David Daniel, #537193, at Baraga Maximum Correctional Facility, 13924 Wadaga Rd., Baraga, MI, 49908-9204; and on District Judge Rosen in the traditional manner.

Date: October 14, 2008         By    s/Jean L. Broucek
        Case Manager to Magistrate Judge Binder