UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DANIEL,

                Plaintiff,              No. 08-CV-14068-DT

vs.                                            Hon. Gerald E. Rosen

CHERYL EDGERTON, et al.,

                Defendants.
_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on     November 6, 2008

                PRESENT:  Honorable Gerald E. Rosen
                                   United States District Judge

This prisoner civil rights matter is presently before the Court on the Report and Recommendation of United States Magistrate Judge Charles Binder recommending that Plaintiff be given 30 days to submit the entire case filing fee of $350 or suffer dismissal of this case because Plaintiff has filed more than three previous actions while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation. Plaintiff has also moved to disqualify the Magistrate Judge from acting on any cases filed by him.

1

Having reviewed and considered the Magistrate Judge's Report and Recommendation and Plaintiff's Objections thereto, the Court agrees with the Magistrate Judge's recommendation that this *ifp* case be dismissed unless Plaintiff pays the entire $350 filing fee within 30 days. The Court's records reveal that Plaintiff has filed at least five prior *ifp* prisoner civil rights actions that were summarily dismissed as frivolous or for failure to state a claim. 28 U.S.C. § 1915(g) mandates dismissal of a prisoner-plaintiff's *ifp* complaint under these circumstances.

The Court has also reviewed and considered Plaintiff's Motion to Immediately Disqualify Magistrate Judge Binder and his subsequent Petition for a Writ of Mandamus to Immediately Disqualify the Magistrate Judge. Plaintiff bases this motion on his dissatisfaction with a Report and Recommendation issued by Magistrate Judge Binder in a habeas corpus action previously filed by him, *Daniel v. Hofbauer,* E.D. Mich. No. 07-CV-14077-DT, which is currently pending before the Honorable David M. Lawson. Petitioner seeks disqualification of the Magistrate Judge under 28 U.S.C. § 455 and 28 U.S.C. § 144.

28 U.S.C. § 455 provides, in pertinent part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a

2

> party, or personal knowledge of disputed evidentiary facts
> concerning the proceeding.

28 U.S.C. § 455(a),(b)(1).

28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias and prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Recusal motions whether brought under Section 455 or Section 144 are matters committed to the sound discretion of the assigned district judge. *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 165 (6th Cir. 1984); *Kelley v. Metropolitan County Board of Education*, 479 F.2d 810, 811 (6th Cir. 1973).

The Sixth Circuit has explicitly determined that disqualification under both § 455(a) and § 144 must be predicated upon extrajudicial conduct rather than judicial conduct, *Green v. Nevers*, 111 F.3d 1295, 1303-04 (6th Cir. 1997), and that allegations of bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Easley v.*

3

*University of Michigan Board of Regents*, 853 F.2d 1351, 1355-1356 (6th Cir. 1988).

The court clarified the meaning of "personal" bias in *Parker v. Sill*, 989 F.2d 500, 1993 WL 87432 (6th Cir. 1993): "To be disqualifying the alleged bias of the judge must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Id.* at * 2. *See also, United States v. Hatchett*, 978 F.2d 1259, 1992 WL 296865 (6th Cir. 1992): "Personal bias is prejudice *other than* participation in the proceedings or prior contact with related cases." *Id*. at * 3 (emphasis added).

In assessing whether such personal bias exists to warrant disqualification, the Sixth Circuit standard is that disqualification is required "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Wheeler v. Southland Corp*., 875 F.2d 1246, 1251 (6th Cir. 1989). This standard is an objective one, and "is not based on the subjective view of a party." *Id*. However, a judge's decisions are not biased just because the judge has a particular point of view on the law. *Parchman v. U.S. Dep't of Agriculture*, 852 F.2d 858, 866 (6th Cir. 1988).

Plaintiff's allegations of bias/prejudice here deal only with the Magistrate Judge's judicial rulings in the habeas case pending before Judge Lawson. There are no facts to objectively establish such personal bias emanating from a source other than the Magistrate Judge's participation in that case -- or this case -- to warrant disqualification.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the Magistrate Judge's October 14, 2008 Report and Recommendation **[Dkt. # 5]** is hereby ADOPTED by the Court. Accordingly,

IT IS FURTHER ORDERED that this case shall be dismissed unless Plaintiff pays the entire $350.00 filing fee within 30 days of the date of this Order.

IT IS FURTHER ORDERED that Plaintiff's Motion to Immediately Disqualify the Magistrate Judge **[Dkt. # 4]** and his Petition for a Writ of Mandamus to Immediately Disqualify the Magistrate Judge (filed as part of his Objections to the Report and Recommendation at **[Dkt. # 6]**) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Correct Defects **[Dkt. # 3]** and Motion to Accept Supporting Exhibits **[Dkt. # 7]** are DENIED, as moot.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: November 6, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2008, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager